**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 20-cr-04 (NEB/TNL) |
| v. | |
| Annamarie Green (1), | **ORDER** |
| Defendant. | |

---

Lindsey E. Middlecamp, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Shannon R. Elkins, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:[1]

1. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 13);

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 14);

3. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 15);

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 16);

---

[1] This Order is being issued following a series of General Orders issued by the Honorable John R. Tunheim, Chief District Judge of the United States District Court for the District of Minnesota, in connection with the COVID-19 pandemic, available at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

5. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (ECF No. 17);

6. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 18); and

7. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 19).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 13) and Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (ECF No. 17) are **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks discovery materials, including statements, prior criminal records, items material to the preparation of their respective defenses, results or reports of physical or mental examinations, and written summaries of testimony. The Government noted that it is aware of its ongoing duty to disclose. Accordingly, the Government shall comply with its discovery obligations under Rules 12, 16, and 26.2 and shall ensure the prompt provision of full and complete discovery disclosures.

With respect to forensic testimony and expert witness discovery, Defendant seeks the immediate disclosure of the Reports of Examinations and Tests and any analysis conducted in this case, as well as a written summary of all expert testimony the Government intends to offer at trial. In response, the Government indicates it does not presently intend to offer any expert witness or forensic testimony at trial.

To the extent the Government intends to rely on expert witness or forensic testimony, it shall comply with Rule 16(a)(1)(G) and Rules of Evidence 702–705 and shall disclose those materials in a timely fashion. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). To the extent that Defendant's motions seek discovery and disclosures outside the Government's obligations under these authorities or not ruled on elsewhere in this Order, they are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny, including statements or evidence exculpating the defendant, contradictory witness statements, prior convictions or other prior bad acts of prospective witnesses, consideration or promises provided to witnesses, threats directed against witnesses, any prior witness testimony, impeachment information of witnesses, and governmental files on witnesses. The Government indicates it has complied with its obligations under these authorities and will continue to comply.

Accordingly, the Government shall comply with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence. To the extent that Defendant seeks discovery and disclosures outside the Government's obligations under these authorities, they are denied. *See Johnson*, 228 F.3d at 924.

3. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 15) is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to retain and preserve all rough notes and evidence pertaining to this matter and its underlying investigation. The Government does not object to the motion to the extent it seeks retention and preservation of rough notes and evidence. Therefore, the Government shall direct its agents, including any confidential reliable informant involved in this case to retain and preserve any rough notes pertaining to this case and to preserve any evidence seized.

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 16) is **DENIED** except as follows: Defendant seeks early disclosure of Jencks Act materials. The Government objects to Court-ordered disclosure of Jencks Act materials, but agrees to reciprocal exchange of Jencks Act materials three days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n. 2.

Therefore, no later than three days before trial, the Court expects the parties to provide Jencks Act materials as agreed so as to prevent delays in trial.

5. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 18) is **GRANTED** as follows: Defendant seeks evidence of any bad acts or other similar course of conduct evidence that the Government seeks to introduce at trial against them pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government indicates it is aware of its obligations under Rule 404 and that it will make any such disclosures no later than two weeks before trial.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently

discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

6. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 19) is **GRANTED**. The motion seeks discovery available under Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendant has not objected to the motion. Therefore, the Government's motion is granted; Defendant shall comply with her obligations under the Federal Rules of Criminal Procedure. Defendant shall notify the Government of her intent to present any reports of examinations or tests or expert testimony no later than two weeks before trial.

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: April 27, 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Green (1)*
Case No. 20-cr-04 (NEB/TNL)